UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DESHEENA ADAMS, *et al.* )<br>　　　Plaintiffs, )<br> )<br>　v. )<br> )<br>ATLANTIC RICHFIELD COMPANY, )<br>*et al.* )<br>　　　Defendants. ) | Case No. 2:18-cv-375-PPS-AZ |

### FINDINGS, REPORT, AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE PURSUANT TO
### 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on several motions relating to Plaintiffs' efforts to file a Third Amended Complaint. The primary relief sought in those motions has been addressed and denied in the Court's separate Order and Opinion. But as the title indicates, in Plaintiffs' Motion for Leave to File Third Amended Complaint or, in the Alternative, to Enter Final Judgment Pursuant [to] Rule 54(b) as to All Dismissed Counts [DE 296], Plaintiffs also sought alternative relief in the form of a final judgment as to certain dismissed claims.

This Report constitutes the Court's proposed findings and recommendations on the issue of entry of final judgment under Rule 54(b), pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that District Court Judge Philip P. Simon deny the alternative relief for entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## Background

Plaintiffs previously filed several interrelated motions which amounted to a motion for leave to file a Third Amended Complaint, or in the alternative for the Court to enter Final Judgment of all dismissed claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure so that an appeal of the dismissed claims could be taken while the remaining claims continue to be litigated at the district court level. The Court previously denied the primary relief sought by Plaintiffs and did not grant leave to file a Third Amended Complaint.

As the Court explained in its Opinion and Order denying leave to file a Third Amended Complaint, Plaintiffs in this case fall into two general groups: those who have alleged some sort of physical injury to person or property and those who have not. Those who had not alleged an injury were referred to as the West Calumet Plaintiffs and that group are the same ones which are seeking in the alternative the chance to pursue an early appeal in this case. The West Calumet Plaintiffs who did not plead any physical injury could not seek to recover for Negligent Infliction of Emotional Distress ("NIED"). That was because a non-speculative injury to person or property is an element of an ordinary negligence claim, and without any underlying ordinary negligence claim, recovery for NIED is not allowed under Indiana law. *Shuamber v. Henderson*, 579 N.E.2d 452, 456 (Ind. 1991). And as the Court further explained, this is a straightforward application of Indiana law on the subject and had previously been explained to Plaintiffs in multiple prior opinions. *See generally* DE

376 (Opinion and Order Denying Motion for Leave to File Third Am. Compl). The Court will now address Plaintiffs' requested alternative relief.

## Discussion

The first issue is whether the Court should even entertain Plaintiffs request for alternative relief, given the perfunctory manner in which it was raised. The entire basis for Plaintiffs' alternative entry of final judgment is contained within a single sentence: "In the alternative, Plaintiff [*sic*] pray for certification of the Court's judgment pursuant to FRCP 54(b) based on a finding of just reason for delay in entering final judgment as to those plaintiffs who have no claims left against any defendants." DE 296 at 12. Plaintiffs cite no case law and make no efforts beyond this conclusory sentence to explain why the Court should divide this case into segments and allow for some Plaintiffs to pursue an appeal prior to resolution of the entire case.

Given the miniscule effort Plaintiffs expended on this argument, the Court easily finds the argument waived. "Arguments that are underdeveloped, cursory, and lack supporting authority are waived." *Shipley v. Chicago Bd. of Election Commissioners,* 947 F.3d 1056, 1063 (7th Cir. 2020). *See also Williams-Preston v. S. Bend Cmty. Sch. Corp.,* 2023 WL 2074351, at *6 (N.D. Ind. Feb. 17, 2023) ("The Seventh Circuit has also repeatedly held that it is not the duty of the courts to prepare arguments on behalf of the parties or conduct their legal research for them.") (collecting cases).

Furthermore, "[e]ven if [the Court] were to forgive the waiver, Plaintiffs fare no better on the merits." *Shipley*, 947 F.3d at 1063. Entry of a partial final judgment

pursuant to Rule 54(b) requires an express finding that there is "no just reason for delay" for allowing multiple appeals in a single case. "Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004). "These requirements are designed to ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit." *Id.* And "entry of such an order permits piecemeal appeal, which is disfavored in the federal system." *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.,* 189 F.3d 512, 518 (7th Cir. 1999). The decision to enter a Rule 54(b) judgment is discretionary but requires a particular finding of "no just reason for delay." "It is not enough that the Court wants to accommodate counsel's desire for an immediate appeal. Rather, the Court 'must carefully consider whether immediate appeal is appropriate in a particular case.'" *Shoppell v. Schrader*, 2009 WL 1241251, at *2 (N.D. Ind. May 1, 2009) (quoting *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990).

When there is overlap between the claims for which a party seeks partial final judgment with those that remain in the lawsuit, Rule 54(b) should not be used. *Factory Mut. Ins.*, 392 F.3d at 924 ("[W]e have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those ongoing in the district court."). While the West Calumet Plaintiffs have had their claims against all Defendants dismissed, other Plaintiffs continue to have viable claims against the

same Defendants concerning the same underlying factual matters premised on many of the same the legal theories. Joining multiple Plaintiffs into a single lawsuit offers many efficiencies in proceeding before the district court, but that also comes with the potential that immediate appeal might not be available when, like here, the claims of some plaintiffs are dismissed and others are not. Plaintiffs are masters of the complaint and chose to proceed in a single lawsuit. They bear the benefits and the burdens of that decision. Allowing the West Calumet Plaintiffs to take an appeal of their claims that mirror those that remain being litigated in the district court would be the quintessential "piecemeal appeal" that the Seventh Circuit has disfavored. *Cont'l Cas.*, 189 F.3d at 518.

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' request in the alternative for entry of partial final judgment in accordance with Rule 54(b) of the Federal Rules of Civil Procedure contained within Plaintiffs' Motion for Leave to File Third Amended Complaint or, in the Alternative, to Enter Final Judgment Pursuant [to] Rule 54(b) as to All Dismissed Counts [DE 296].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court

or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 13th day of January 2025.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT